## John Harris & al. *vs.* John R. Blen.

Where by the terms of a contract one party was to perform certain labor, and the other, in consideration thereof, was to pay a sum of money *in a certain month,* an action commenced *on the last day of that month* is prematurely brought and cannot be maintained, although a demand of the money had been made by the plaintiff on the same day before suing out the writ.

Assumpsit on a special contract by which the plaintiffs agreed to cut and split for the defendant 600 cords of wood, at 75 cents per cord ; and the defendant promised to pay the plaintiffs one half in *April,* 1836, and the other half in *May,* 1836. The writ was dated and served *May* 31, 1836. At the trial before Shepley J. the Judge instructed the jury, that if they believed a demand was made on the thirty-first day of *May,* previous to the issuing and service of the plaintiffs' writ on that day, they would find for the second instalment due, otherwise not. The jury returned their verdict for the second instalment, and found specially, that a demand was made *May* 31, 1836, before the issuing of the writ. To this instruction the defendant filed exceptions. Several other questions arose at the trial, and were argued on the hearing of the exceptions, but do not appear here because no opinion was given in reference to them.

*A. W. Paine,* for the defendant, contended, that as the defendant had the whole of the last day of payment in which to pay the last instalment, the amount of it was improperly included in the verdict ; and as the first instalment was overpaid, the action could not be maintained. The only case where an action can be maintained on the last day of payment, after making a demand, is that of bills of exchange and promissory notes. That is an exception to the general rule.

*J. Appleton,* for the plaintiffs, contended, that there was no difference between bills and notes and other contracts, with respect to the time when the suit can be commenced. As soon as a demand is seasonably made on the last day of payment, a suit can be maintained. *Greely* v. *Thurston,* 4 *Greenl.* 482 ; *Badger* v. *Phinney,* 15 *Mass. R.* 359 ; *Graves* v. *Ticknor,* 6 *N. H. Rep.* 537.

The opinion of the Court was by

WESTON C. J.— In *Greely et al.* v. *Thurston*, 4 *Greenl.* 482, it was decided that bills of exchange and negotiable notes, should be paid on demand, if made at a seasonable hour, on the day they fall due, and if not so paid, that the acceptor of a bill, or the maker of a note, might be sued on that day. But this was placed, expressly upon the ground, that by the custom and usage of merchants, these instruments formed an exception to the law upon this point, applicable to other contracts. That, generally, if money is to be paid, or a duty to be performed, the contracting party has the last moment of the day of the maturity of the contract, to pay or perform what he has undertaken to do.

In *Leftley* v. *Mills*, 4 *T. R.* 170, *Lord Kenyon* so lays down the law, for which he cites a number of authorities, intimating that he had found no opposing case. *Buller J.* while he assents to the correctness of the general doctrine, insists upon an exception, in respect to bills of exchange. And in the case first cited, the opinion of the court manifestly is, that bonds, mortgages, and instruments in writing, other than negotiable notes and bills of exchange, are not suable, until the day after they are payable.

By the contract between these parties, which does not fall within the exception, the defendant had all the month of *May*, 1836, within which to pay the second instalment. It results, that he was not liable to be sued upon it, until the first day of *June*. As there has been a fair trial between these parties, upon the points really in controversy, and this objection does not go to the merits, it is with regret that we disturb the verdict ; but as it is a legal point, which the defendant has a right to take, it must be set aside, and a new trial granted.