Battle, J.
 

 This was an action of assumpsit upon a special ’contract, the terms of whicli were, that the plaintiff was to serve the defendant for one year in the capacity of an overseer, and for his services, as such, the defendant agreed to pay him one hundred and fifty dollars. The plaintiff alleged and proved his readiness and ability to perform his part of the contract, and that he was prevented from doing so by the act of the defendant.
 

 The defense set up, and proposed to be proved by the defendant was, that the plaintiff had so misconducted himself while -in his service, that he was justified in discharging him.
 

 Upon the testimony offered on this point, the counsel for the defendant ashed the Court to instruct the jury, that the facts, if believed, constituted in law a good cause for turning the plaintiff off, and thus preventing him from fulfilling his 'engagement. The counsel was undoubtedly entitled to this instruction, if the testimony was sufficient to support it, and the refusal of the Court to give it, would have entitled the defendant to anew trial, unless the error had been corrected by a proper finding of the jury. The case stated in the bill of exceptions, leaves us in some doubt, whether the presiding Judge did not give the instruction substantially prayed. But we will not put our decision upon this objection, as there is another upon which the defendant is clearly entitled to a
 
 venire da novo.
 

 The bill of exceptions sets forth that, for the purpose of reducing the damages, the defendant offered to prove that after the plaintiff had been discharged from his service, he sought and obtained employment in the same neighborhood for the residue of the year, for whicli he was paid wages at a certain rate. This testimony was objected to by the plaintiff and rejected by the Court, and for this the defendant excepted ; and Ave think that the exception was well taken.
 

 The action is brought for a breach, by the defendant, of a
 
 *249
 
 special contract, whereby the plaintiff was prevented from performing a stipulated service, and thus entitling himself to a certain amount of compensation. It is not and cannot be assumpsit on the common count for work and labor during the year, because the work and labor was not clone ; on the contrary, the
 
 gravamen
 
 of the complaint is, that the wrongful conduct of the defendant prevented the plaintiff from completing the work and labor for which he had stipulated. It was necessary for him to aver and prove his readiness and ability to perform his part of the contract in order to entitle himself to sustain his action at all; and that being done, the question necessarily arises, what is the amount of the damages which he ought to be allowed to recover ? The proper answer would seem to be the amount which he has actually sustained in consequence of the defendant’s default. It would seem to be a dictate of reason that if one party to a contract be injured by the breach of it by the other, he ought to be put into the same condition as if the contract had been fully performed on both sides. lie certainly ought not to be a loser by the fault of the other; nor can he be a gainer without introducing into a broken contract the idea of something like vindictive damages. The true rule then is, to give him neither more nor less than the damages which he has actually sustained, and so we find the authorities to be ; thus in the case of
 
 Costigan
 
 v.
 
 The Mohawk and Hudson River Rail Road Company, 2
 
 Denio Rep. 609, to which we are referred by the defendant’s counsel, the following propositions are laid down by the Court: where one contracts to employ another for a certain time at- a specified compensation, and discharges him without cause before the expiration of the time, he is, in general, bound to pay the full amount of wages 'for the whole time.
 

 .But, in a suit for 'the stipulated compensation, the defendant may show, in diminution of damages, that after the plaintiff had been dismissed, he had engaged in other lucrative business. This, however, must be proved by the defendant, and must not be presumed. The same principle will be found
 
 *250
 
 in other cases to which the counsel for the defendant has referred ;
 
 Shannon,
 
 v.
 
 Comstock,
 
 21 Wend. Rep. 457 ;
 
 Hexter
 
 v. McRae, 24 Wend. Rep. 304. See also 2 Greenl. Ev., sec. 261; Abbot on Shipping, 442, 443. According to these authorities, which are founded, as we think, on reason, the testimony offered by the defendant, for the purpose of reducing the damages claimed by the plaintiff, ought to have been received, and for the error of the Court in rejecting them, there must be a
 
 venire de
 
 novo.
 

 Bek Cubiam, Judgment reversed.