HENRY BRINKLEY v. GEORGE SWICEGOOD.

A person hired for one year, who is wrongfully dismissed before the expiration of the year, is not required to wait till the end of the year, but can sue at once, and is entitled to recover such damages as he has sustained by such wrongful dismissal. He may treat the contract as rescinded, and recover upon a *quantum meruit*.

The repeal of a statute repealing a former statute, leaves the latter in force.

*Hendrickson* v. *Anderson*, 5 Jones, 248, cited and approved.

Civil action tried before *Cloud, J.*, at Spring Term, 1871, of DAVIDSON Superior Court.

The plaintiff alleged in his complaint that defendant hired him to keep his mill from the 24th of December, 1868, to the 24th of December, 1869, and that defendant discharged him without sufficient cause on the 24th of May, 1869.

The suit was instituted in August, 1869, and plaintiff asked for damages up to, and including the entire time for which he had been hired. There was evidence tending to prove that plaintiff had been wrongfully discharged.

The defendant's counsel asked the Court to charge the jury, that as the plaintiff had declared for the breach of a special contract, he could not recover therefor, till after the 24th of December, 1869, and that having brought his suit prior thereto, the action could not be sustained.

His Honor charged the jury that the plaintiff was not bound to wait till after the 24th of December, 1869, before bringing suit, but that he was entitled to recover such damages as the jury thought he was entitled to receive up to bringing suit, and they must not take into consideration any damages arising after the issuing of the summons. To which instructions defendant excepted. Verdict for plaintiff for forty-five dollars.

The defendant, after the rendition of the verdict, asked the

Court not to tax the defendant with any of the costs incurred by the plaintiff, as the judgment was for a less sum than fifty dollars. The Court adjudged that the plaintiff was entitled.to his costs to be taxed by the Court.

The defendant appealed upon exceptions to the charge of his Honor, and to his ruling upon the question of costs.

No counsel for the plaintiff.
*Blackmer & McCorkle*, for defendant.

PEARSON, C. J. The defendant certainly has no right to complain of his Honor's charge. When a man wrongfully violates his part of the contract, as a matter of course, the other party may sue for the breach; and as a further matter of course, the action may be commenced as soon as the injury is done. This is too plain to allow of discussion.

The matter is only complicated, and the judgment confused by reference to the many cases cited in the notes to *Culter* v. *Powell*, 2 Smith Lead. Cases, 38, 39. As to whether a servant or agent who is dismissed, without sufficient cause, may not treat the contract as rescinded, and sue immediately on a *quantum meruit*, for the work he had actually performed; or whether he may not wait until the expiration of the term of service fixed by the contract, and sue in *indebitatus assumpsit*, for his whole wages, relying on the idea of constructive performance of all the services. Here is a wilful breach of contract, for which the plaintiff has a present cause of action, to recover such an amount of damages as the jury may think will make full compensation for the injury which he has sustained.

There is some reason to suppose that the jury may have been misled to the prejudice of the plaintiff, in respect to the measure of damages, by the remark of his Honor, that "the jury should not take into consideration any damages arising after the issuing of the summons." That had no bearing on the case. In regard to the damages, it could make no dif-

ference, whether the summons issued in a week, or a month, or a year after the injury was done, by the plaintiff's being wrongfully dismissed. Such a consideration would only be relevant, in a case, when the plaintiff waits until the expiration of the term, and then sues for the whole of the wages, on the idea of a constructive performance ; in which case it seems the defendant may show in diminution of damages, that after the plaintiff was dismissed he had engaged in other lucrative business. *Hendrickson* v. *Anderson*, 5 Jones, 248. But as the plaintiff did not appeal, that point is not presented.

Upon the question of costs, we concur with his Honor. The Act of 1870–'71, repeals the Code of Civil Procedure in regard to costs, and makes no provision for costs in the matter now under consideration; so, the effect is to restore the Rev. Code in that particular.

The repeal of a statute repealing a former statute, leaves the latter in force. Dwarris on Statutes, 676.

PER CURIAM,                                    Judgment affirmed.