E. E. HARRIS *v.* SEPARKS, HICKS & CO.

Where the son of the plaintiff was placed with the defendants, machinists, under a special contract to work for four years, and the son was discharged without any good or sufficient reasons before the end of the second year, the father (plaintiff) may treat the contract as rescinded, and may immediately sue on a *quantum meruit* for the work actually performed by the son.

This was a CIVIL ACTION to recover on a *quantum meruit* for the services of plaintiff's son, tried before *Tourgee, J.*, at the Special (January) Term, 1874, of WAKE Superior Court.

On the trial below, his Honor being of opinion that the plaintiff could not recover, he submitted to a non-suit, and appealed.

The facts are fully stated in the opinion of Justice SETTLE.

*Lewis*, for appellant.
*Fowle*, contra.

SETTLE, J. This action was brought to recover of the defendant the sum of two hundred dollars, alleged to be due the plaintiff as wages for the services of his son, during the year 1872.

The plaintiff tendered himself as a witness and testified that he made a contract with the defendant on the 12th day of January, 1872, to the effect that they, being large machinists and

manufacturers in the city of Raleigh, were to take his son, about eighteen years of age, for the term of four years, and to teach him the trade, as carried on in their establishment; that the plaintiff was to furnish his son with board and clothing for the first year, and make no charges for his services for that year, and the defendants were to pay a fair and reasonable compensation for his services for the second, third and fourth years, to be agreed upon. That the son of the plaintiff worked during the first year, and a short time in the second year, when he was discharged without any good and sufficient reason ; that for the time he worked during the second year, the plaintiff was paid at the rate of eighty-seven and a half cents per day, but he received nothing for the first year. That the services rendered by him were worth two hundred dollars, for the first year, regarding him as an every-day hand.

Upon this state of facts, his Honor being of opinion that the plaintiff was not entitled to recover, instructed the jury to return a verdict for the defendant.

If the son of the plaintiff had voluntarily quit the service of the defendant without sufficient cause, or if he had been discharged for good cause, he could have recovered nothing.

But we are to assume that " he was discharged without any good and sufficient reason."

It is admitted that when a special contract is open and unrescinded, the plaintiff cannot sue upon a *quantum meruit.* But where one contractor refuses to perform his part of the contract, the other may if he please, rescind, treating such refusal as being equivalent to rescission, and if the plaintiff has performed a part of the special contract, according to its terms, he may sue immediately, in general *assumpsit,* and recover compensation for the work actually performed, and the defendant cannot set up the special contract to defeat him.

It is said in the notes to *Cutter* v. *Powell*, 2 Smith L. C. 20, that the result of the authorities is, that a clerk, servant, or agent, wrongfully dismissed, has his election of three remedies, viz:

1. He may bring a special action for his master's breach of contract in dismissing him, and this remedy he may pursue immediately.

2. He may wait till the termination of the period for which he was hired, and may then, *perhaps*, sue for his whole wages, in *indebitatus assumpsit*, relying on the doctrine of constructive service.

3. He may treat the contract as rescinded, and may immediately sue, on a *quantum meruit*, for the work he actually performed ; but in that case, as he sues on an implied contract arising out of actual services, he can only recover for the time that he actually served. *Brinkley* v. *Swiceyood*, 65 N. C. N. C., 626, is an authority from our own reports, sustaining the present action.

Let it be certified that there is error.

PER CURIAM.                                    *Venire de novo.*