STATE v. GOULDING.

(Filed October 21, 1902.)

FISH AND FISHERIES—*Clam Beds—The Code, Secs. 3391, 3393—Acts 1893, Chap. 287, Sec. 2—Acts 1895, Chap. 160—Acts 1897, Chap. 13—Acts 1901, Chap. 250.*

> Under Sections 3391 and 3393 of The Code, clam beds may be laid off and persons indicted for taking clams therefrom.

INDICTMENT against George Goulding, heard by Judge *Henry R. Bryan,* at Fall Term, 1901, of the Superior Court of CARTERET County. From an order granting the warrant, the State appealed.

*Robert D. Gilmer, Attorney-General,* and *A. D. Ward,* for the State.

*D. L. Ward,* for the defendant.

CLARK, J. This was a criminal proceeding begun before a justice of the peace and taken by appeal of the defendant to the Superior Court, charging the defendant for unlawful and wilfully entering, gathering and taking away clams from the clam beds of one Effie Gillikin, said bed being situated in North River, without her permission, in violation of The Code, Section 3393. In the Superior Court the warrant was quashed and the State appealed.

This presents the question whether private clam beds in public waters are now authorized. The Code, Sec. 3391, authorized the clerks of the Superior Court to grant license to make oyster or clam beds in the waters of the State in the manner prescribed by Section 3390; and Section 3393 made made it a misdemeanor to take away oysters or clams therefrom. Chapter 287, Sec. 2, Laws 1893, repealed Section 3391 of The Code, but prescribed a new mode in which beds might be authorized. Said Chapter 287, Laws 1893, was itself

repealed by Chapter 160, Laws 1895 (except as to Onslow County). This repeal of the repealing statute reinstated The Code, Sec. 3391, except as to Onslow County which is not here in question. *Brinkley v. Swicegood,* 65 N. C., 626; Endlich on Statutes, Sec. 475; Sutherland on Statutes, Secs. 162, 168.

Chapter 160, Laws 1895, was itself repealed by Chapter 13, Laws 1897, and new provisions enacted applying only to oyster beds. Thus we have again a repeal of The Code, Sec. 3391, since this put in force again the statute of 1893, which repealed that section of The Code. But still the clam bed would be authorized by the mode prescribed in the Act of 1893, and there is no controversy here as to the mode, but only as to the power to authorize clam beds, and that has never been repealed. Chapter 250, Laws 1901, is the latest Act and applies only to oyster beds, but Section 23 thereof expressly repeals the above cited statutes of 1893 and 1897, the effect of which is to put again in force the statute of 1895 and the above cited section 3391 of The Code, unless they were in conflict with said Act of 1901. But so far as the matter now in hand is concerned, The Code, Sec. 3391, is additional to, and not in conflict with the Act of 1901.

There has been at no time a repeal of Section 3393, making it a misdemeanor to take clams or oysters from their beds without consent of the owner. The only change has been made in the alternate enactment and repeal of section 3391 as to the manner of allowing private clam or oyster beds to be laid off in public waters. The last statute provides a new method of laying off such oyster beds, but leaves in force the old authority (The Code, Sec. 3391) to lay off clam beds.

If this bed has not been properly laid off, that would be a matter of defence on the proof, and is not urged, and, indeed, could not be, upon a motion to quash the warrant.

In quashing the warrant, therefore, there was

Error.