## STATE v. EDWARDS.

(Filed March 8, 1904).

INTOXICATING LIQUORS—*Elections—Acts 1895, ch. 159—Acts 1899, ch. 507—Acts 1901, ch. 89—The Code, sec. 2740—Licenses.*

Under Acts 1901, ch. 89, sec. 76, it is no offense for a person who has license to retail spirituous liquors to sell liquors on an election day.

INDICTMENT against A. M. Edwards, heard by *Judge Frederick Moore,* at October Term, 1903, of the Superior Court of CRAVEN County. From a quashal of the indictment the State appealed.

*Robert D. Gilmer, Attorney-General,* for the State.
*W. D. McIver,* for the defendant.

MONTGOMERY, J. The question raised by the appeal of the State in this case is whether or not the sale of intoxicating liquors on an election day by one who had a license to retail spirituous liquors is unlawful. For nearly a third of a century, from the year 1868 down to 1900, it was the settled policy of our law that the giving away and the sale of intoxicating liquors within five miles of any polling place on an election day should be prohibited. We first meet with the legislative purpose in section 2740 of The Code in the chapter entitled "Elections Regulated." That section is in these words: "Any person who shall give away or sell any

intoxicating liquors, except for medical purposes and upon
the prescription of a practicing physician, at any place within
five miles of the polling place, at any time within twelve
hours next preceding or succeeding any public election,
whether general, local or municipal, or during the holding
thereof, shall be guilty of a misdemeanor, and fined not less
than one hundred nor more than one thousand dollars."
Then the General Assembly, at its session of 1895, enacted a
new election law; the act being entitled "An Act to revise,
amend and consolidate the election laws of North Carolina."
The first section of the last-mentioned act repeals the chapter
of The Code entitled "Elections Regulated," embracing sec-
tion 2740, and all laws and clauses of laws relating to elec-
tions enacted subsequent to The Code; but section 2740 of
The Code was re-enacted in the Act of 1895; and in the
election laws of 1899 and 1900 the exact words of section
2740 were incorporated. Under the general election law
enacted by the General Assembly at its session of 1901, sec-
tion 2740 of The Code was again, word for word, with the
exception of the words "or sell," incorporated (section 76).

From the reading of these various statutes it appears from
both the language and the captions that each one of them was
a separate and complete election law of itself. Each one was
a revising and consolidating statute, covering the whole sub-
ject-matter of the antecedent ones, and was therefore a re-
peal of the others; the last one, that of 1901, being the whole
law in North Carolina on the subject of "Regulation of
Elections." *Winslow v. Morton,* 118 N. C., 486. It will
be remembered that section 76 of the Act of 1901 is section
2740 of The Code with the words "or sell" left out, and it
is therefore perfectly clear that the matter of selling or giv-
ing away liquor, the use of liquor, at or near polling places
on election days, was considered by the General Assembly
when the Act of 1901 was passed; and that being so, it

necessarily follows that its last expression on the subject is a repeal by implication of the words "or sell" as they had appeared in the former statutes.

But if there could be any error in that construction of the law the matter is clinched by section 86 of the Laws of 1901, which is as follows: "That chapter 507 Public Laws of 1899 and chapter 1 Public Laws of 1900, and all other laws and clauses of laws in conflict with this act are hereby repealed, *and the law regulating elections as contained in this act shall be construed as above, and not in connection with any existing provisions of law for the regulation of elections."* (Italics ours). Those last words confine the courts to the law on the subject of this indictment to section 76 of the Act of 1901 as it is written there.

His Honor properly quashed the bill of indictment, for the defendant, under his license to retail spirituous liquors, was not prohibited from selling intoxicating liquors on an election day. It would have been unlawful for him to have given away liquor on that day, but it was not unlawful to sell it.

No Error.


WALKER, J., concurring. I concur in the conclusion of the Court in this case but not for the reasons given in its opinion. The general or common law rule seems to be that the simple repeal, suspension or expiration of a repealing statute revives the repealed statute, whether such repeal was express or implied. *Brinkley v. Swicegood,* 65 N. C., 626; Southerland Stat. Const., section 168. But this rule is subject to a well-recognized exception, which is that when the repeal of a repealing statute is for the purpose of substituting another provision in its place, the implication of an intention to revive the repealed statute cannot arise, and especially if the substituted provision is repugnant to the

original provision or is not properly cumulative to it. So the repeal of a statute which was a revision of and a substitute for a former act to the same general effect, and which was therefore repealed, cannot be deemed to revive the previous act; for this would be plainly contrary to the intention of the Legislature. Endlich Interp. of Statutes, section 475; Dwarris on Statutes, p. 159; Sutherland Stat. Const., p. 228. Our case, I think, falls within the exception. By a succession of acts, commencing with chapter 16 of The Code, which was followed by Acts of 1895, chapter 159; Acts of 1899, chapter 507; Acts of 1900, chapter 1, and finally by Acts of 1901, chapter 91, the Legislature has, from time to time, provided a complete scheme for the conduct and regulation of elections in the State, and it was manifestly the purpose that each of said acts should be a substitute for the one that preceded it, and that the last act, which entirely covered the ground of each of the others, should supersede them and become itself the final and full expression of the legislative will on the subject. I can discover nothing on the face of the last act to rebut the intent which the law infers from the very nature of the several acts, but, in my opinion, there is everything to indicate that the real intention of the Legislature was in strict accordance with that which is presumed by the law. Again, the provision by which the *sale* of liquor within five miles of a polling place and within the twelve hours next preceding or succeeding the day on which any public election is held, was inserted in the Acts of 1899, chapter 507, and the Acts of 1900, chapter 1, it being section 78 of each of said chapters, and it would be strange, indeed, if the Legislature intended to revive section 61 of chapter 159 of the Acts of 1895 containing the same provision, or section 2740 of The Code, as argued in this Court, that it should have expressly repealed two acts with that provision in them without making

the slightest reservation in respect to it. As far as the Act of 1895, section 61, is concerned, we find upon examination of the statutes that it was expressly repealed by the Acts of 1899, chapter 16, and as the latter act simply contained a repeal of the Act of 1895, and nothing more, the general rule applied, and the Code, chapter 16, including section 2740, and any intervening general election law repealed by the Act of 1895, were thereby revived; but, as the Acts of 1899 and 1900 revised all prior general election laws and substituted for them a scheme complete in itself, The Code, chapter 16, was repealed by them (*Winslow v. Morton,* 118 N. C., 486), and the subsequent repeal of those two acts by the Act of 1901, chapter 91, did not revive the provisions of The Code under the rule to which I have referred. It all therefore results in this: that the Act of 1901, chapter 91, was, at the time the offense is alleged to have been committed, the only law in force which regulated elections. I do not attach any special importance in this discussion to the words in section 86 of the Act of 1901, namely, "The law regulating elections as contained in this act shall be construed as above and not in connection with any existing provisions of law for the regulation of elections." These words could not have referred to The Code, the Act of 1895 or any other intervening act in regard to general elections, for they had been repealed by the Act of 1899 and the Act of 1900 successively, and therefore were not "existing provisions of law," and they could not have had reference to the Acts of 1899 and 1900, as they were expressly repealed by the Act of 1901, and could not therefore be construed in connection with the latter. While the omission of the words "or sell" from the Act of 1901 may have been the result of inadvertence, the general law, when considered in the light of well-settled rules of interpretation, does not now forbid the sale of liquor in the manner in which it is charged

in the indictment to have been made, and the Court was right in granting the motion to quash.

CLARK, C. J., and DOUGLAS, J., concur in the concurring opinion.