The plaintiff sued for $150. He alleged that on 5 February, 1904, the defendant employed him for four months at $75 per month to inspect and buy lumber, and his service began on that day. The defendant paid the wages for the first month and then discharged the plaintiff without cause, its superintendent stating that they did not intend to buy any more lumber. The plaintiff tried to get other employment, but failed, and earned but a few dollars during the last three months. He sued for the second installment of his wages and recovered judgment 6 May, before a magistrate, for $75. The summons in the case was dated 4 May, 1904, and was received by the sheriff on 5 May, as appears by his entry on the process and by other evidence. There was no inconsistent evidence as to when it was issued. (28)
The defendant contended and introduced evidence to show that the hiring was for one month only, for which the plaintiff was paid. Its superintendent testified by a deposition that the plaintiff was hired not for four months, but for one month, and that he claimed but one month's salary when they settled, "and he went out of the office apparently satisfied." On objection by the plaintiff the words above quoted were excluded by the Court, and the defendant excepted. There was other evidence not necessary to be stated. The issues with the answers thereto, were as follows:
1. Did the defendant hire the plaintiff for the term of four months at $75 per month? Yes.
2. Did the defendant unlawfully discharge the plaintiff from its employment after the first month? Yes.
3. Is the defendant indebted to the plaintiff; if so, in what sum? $150 and no interest. *Page 46 
4. Was the cause of action, or any part thereof, heretofore adjudged in the record (which is) pleaded as an estoppel in this cause? No.
The defendant's counsel requested the following instruction:
1. If the jury believe the evidence, this cause has been adjudicated, and they will answer the last issue "Yes."
2. When the plaintiff sued for and collected his one month's wages under his judgment, he was by that estopped to sue for the balance, because his contract was entire and not divisible, and suing for less than the amount of the whole claim was in law an adjudication of what was due him in full.
3. It was the duty of the plaintiff to seek employment during the months he said he was employed by the defendant after the discharge, and if he simply did nothing and did not try to get other employment, he cannot recover anything of the defendant.
The instructions were refused, and the defendant duly (29) excepted.
It appears in the case that the Court stated the contentions of the parties and charged the jury fully upon the issues; the only part of the charge sent to this Court, and stated to be the only material part, being as follows:
"As to the first issue, the burden is upon the plaintiff to satisfy you by the greater weight of the evidence that the employment was for four months, and if the plaintiff has so satisfied the jury, you will answer the first issue `Yes'; otherwise, `No.'
"2. If you answer the first issue `No,' that will end the case, and you need not answer the other issues.
"3. If you answer the first issue `Yes,' you will then consider the second issue as to whether the defendant unlawfully discharged the plaintiff.
"4. The burden of the second issue is upon the plaintiff to show by the greater weight of the evidence that he was discharged by the defendant; and if you find that he was discharged, the law puts the burden of showing cause for the discharge upon the defendant. There is no evidence before you tending to show cause for the discharge, and you will consider this in making up your verdict upon the second issue. (The defendant excepted only to the instruction that there was no evidence before the jury tending to show cause for the discharge.)
"5. If the jury believe the evidence, they will answer the fourth issue `No.'"
The defendant excepted.
Judgment was entered upon the verdict, and the defendant appealed. *Page 47 
after stating the case: When this case was before (30) us at the last term (140 N.C. 375), it appeared by admission of the parties that the plaintiff had brought suit before the magistrate after 10 June, 1904, and at a time when the last instalment had fallen due; and it was then contended with much force that having sued for one of the instalments, when all were due, and recovered judgment, the plaintiff could not sue and recover for any other instalment, because, to prevent unnecessary and oppressive litigation, the law construes the former adjudication to be a full satisfaction and a complete bar. The position, whether intrinsically correct or not, seems to be sustained by high authority. Jarrett v. Self, 90 N.C. 478; Kearns v. Heitman, 140 N.C. 332;McPhail v. Johnson, 109 N.C. 571; 2 Pearsons Cont., 646; Freeman Judgments, sec. 240; Ref. Dutch Church v. Brown, 54 Barb., 191; 24 Am. and Eng. Enc. Law (2 Ed.), p. 791, and note 1. It now appears from the testimony that the suit before him was actually commenced on 5 May, and the defendant contends that having recovered judgment, if for but the amount of one instalment, the plaintiff cannot again sue for the other instalment which was then due, upon the principle just mentioned, and that the judgment should be reduced by the amount of one instalment, or $75. So that we must now decide the question.
The summons in the suit before the justice of the peace was dated 4 May and was received by the Sheriff for service 5 May. A civil action is commenced when the summons is issued, and the presumption when nothing else appears is that the summons passed from the control of the Clerk and was delivered to the Sheriff, and therefore issued, at the time when the Sheriff received it, and this is generally determined by the entry on the process of the date it was received by the Sheriff, he being required by statute to make such an entry. Revisal, sec. 433. As it has been material again to consider this matter, it is well at this time to correct any misapprehension that may have resulted (31) from the use, in Houston v. Thornton, 122 N.C. at p. 375, of the following expression: "The presumption that it (the summons) was issued when it bears date is not rebutted by the bare fact of the date of the Sheriff's endorsement of its receipt by him," citing Curriev. Hawkins, 118 N.C. 593. The Court had reference to the special facts of the case then being decided as well as to those of the case cited, for, in both, it appeared that the Clerk had given *Page 48 
the process to a third person for the purpose of being delivered to the Sheriff, and this fact sustained the presumption, which was not therefore overcome by the Sheriff's entry. Judicial expressions should always be construed with reference to the context. As said in Webster v. Sharpe,116 N.C. 466, a summons is issued when the Clerk delivers it to the Sheriff to be served. See also Houston v. Thornton, supra. This being so, at least where there is no intermediary, but the process is delivered by the Clerk himself to the officer, the notation of the officer on it as to the date of its receipt by him must be the controlling evidence as to when it was issued.
In this case the suit was commenced on 5 May, as the Sheriff received the summons from the Clerk on that day. The plaintiffs term of service began on 5 February and the third month expired on 4 May, so that the salary of the third month was due immediately on the expiration of that day, and suit could, therefore, have been brought for the same on the fith day of that month. "Where wages are by express stipulation payable at stated periods during the term, the wages for any period are due and payable immediately on the completion thereof." 20 Am. and Eng. Enc. (2 Ed.), 21; White v. Atkins, 8 Cush., 367-371; Harris v. Blen, 16 Me. 175;Green v. Robertson, 64 Cal. 75. As one full month's work had been performed, one full month's pay was then due and demandable. The plaintiff, therefore, could have recovered the amount of both the second and third (32) instalments in the suit brought on 5 May, and is consequently barred from the recovery of either one of them in this action, under the principle settled by the authorities above cited.
The defendant also contended that the plaintiff could not sue on the successive instalments as they fell due, but must sue on a quantum meruit
or for damages for the breach of the contract, and that his recovery for the one instalment was a complete satisfaction of all damages arising from the breach of the contract, as his recovery in either of the other two forms of action would have been. We do not assent to this proposition in its entirety. Numerous and well-considered authorities hold, in accordance with what we considered the correct principle and the better reason, that when the contract is entire and the services are to be paid for by instalments at stated intervals, the servant or employee who is wrongfully discharged has the election of four remedies: 1. He may treat the contract as rescinded by the breach, and sue immediately on a quantum meruit for the services performed; but in this case he can recover only for the time he actually served. 2. He may sue at once for the breach, in which case he can *Page 49 
recover only his damages to the time of bringing suit. 3. He may treat the contract as existing and sue at each period of payment for the salary then due. (We do not consider the right to proper deduction in this case, as it is not now presented.) 4. He may wait until the end of the contract period, and then sue for the breach, and the measure of damages will be prima facie
the salary for the portion of the term unexpired when he was discharged, to be diminished by such sum as he has actually earned or might have earned by a reasonable effort to obtain other employment. This rule as thus stated is supported by the great weight of authority: 14 A. and E. Enc. (1 Ed.), 797; 20 A. and E. Enc. (2 Ed.), 36, et seq.; and it is clearly recognized and adopted by this Court in Markham v. Markham, 110 N.C. 356. The difficulty in establishing the right to sue upon the (33) contract for the whole amount of the wages originated in the doctrine of "constructive service." The law, in theory at least, required that the servant wrongfully dismissed before the expiration of his term must keep himself in readiness at all times to perform the required service, and an averment that he had done so was necessary in an action on the contract for a breach. By a fiction of the law his constant readiness to perform was considered equivalent to actual service, so as to enable him to recover the full amount of the wages, the same as if the service had been actually performed, and it was so construed by the courts. But this principle was inconsistent with the rule as to the measure of damages, which permitted the master to show in diminution of the servant's recovery for wages that the latter either obtained or could have obtained other employment, inasmuch as to be always strictly ready he must be always idle. The two requirements of the law could not reasonably and logically coexist, and for this reason the doctrine of constructive service, first asserted byLord Ellenborough in Gandell v. Pontigney, 4 Camp., 375, was repudiated in later cases and the servant's remedy was restricted to either a quantummeruit (if he elected to rescind the contract) or an action for the damages resulting from the breach, and his right to an action for the wages, treatment the contract as constructively performed, was denied. Goodman v.Pecock, 15 Q. B., 74; Cutter v. Powell, 2 Smiths L. C. (9 Ed.), 1245; 20 A. and E. Enc. (2 Ed.), 40. This Court recognized the doctrine of constructive service in Hendrickson v. Anderson, 50 N.C. 246, and Brinkley v.Swicegood, 65 N.C. 626, to the extent of expressly asserting the right of the servant to recover the full amount of the wages for the unexpired portion of the term, provided his action is *Page 50 
brought after the end of the term, even though there had been (34) no actual service during that time.
Costigan v. R. R., 2 Denio, 609, is cited and approved in Hendrickson v.Anderson, and in that case the doctrine is thus stated: "Where one contracts to employ another for a certain time at a specified compensation and discharges him without cause before the expiration of the time, he is in general bound to pay the full amount of wages for the whole time." The Court also there holds that the said amount may of course be diminished by showing that the servant has during the same period engaged in other business. This rule for the measure of the damages accruing for a wrongful dismissal is surely the equitable and, we think, the correct one, whatever may be the true principle upon which it should be held to rest. If the doctrine of constructive service is illogical, in view of the right of the master to have the damages diminished by showing that the servant engaged in other business, and consequently was not always ready to perform the service, it does not follow that the rule itself as to the damages is not a sound one, for other cogent reasons may and have been assigned in its support. As the master has, by his wrong in breaking the contract, prevented the servant from completing the work for which he had stipulated, the measure of the servant's damages would be the amount which he will actually sustain in consequence of the defendant's default; and that is the amount of the wages he would have earned had the contract been fulfilled. Laying down the rule in Hendrickson v. Anderson, supra, this Court said: "It would seem to be a dictate of reason that if one party to a contract be injured by the breach of it by the other, he ought to be put in the same condition as if the contract had been fully performed on both sides. He certainly ought not to be a loser by the fault of the other; nor can he be a gainer without introducing into a broken contract the idea of something like (35) vindictive damages. The true rule, then, is to give him neither more nor less than the damages which he has actually sustained; and so we find the authorities to be." The Court then holds, as we have shown, that the damages are the full amount of wages for the whole time, less the amount received or which could have been realized from other employment. The right to full damages, measured by the wage-rate, arises from the master's breach, and his wrongful act in preventing the servant from performing the service. He will not be permitted to take advantage of his own wrong and to allege, in his defense and to defeat a clear right, a non-performance by the servant which has proceeded from his own unlawful act, especially when he at *Page 51 
the same time insists that the servant should have obtained other employment in order to reduce the damages.
We have held that a party to a broken contract, who is unable to fulfill it by reason of the wrongful act of the other party, may recover for profits lost as well as gains prevented, if they are reasonably certain, such as those to be received from outstanding contracts for the sale of goods at a fixed price. Machine Co. v. Tobacco Co., 141 N.C. 284; Johnsonv. R. R., 140 N.C. 574. And yet, in that class of cases, the service contracted for was not fully performed. So here, the employee, by no fault of his own, loses his wages, which are fixed by the contract, and their amount should be the true measure of his damages under the ordinary rule obtaining in the case of other contracts. He could not recover these damages before the expiration of his term because of the other rule, that the master is entitled to diminish them by the amount he may or could have received from other employment, which cannot be determined until the full period is at an end. Before that time the amount would be speculative. But at the end of the term, there is no sound reason why he should not be entitled prima facie
to the full amount of wages, unless we make his condition worse than it would have been if the contract had not been broken by (36) the master. It would be an aggravation of the latter's wrong if we hold that he may profit by it, and it would further present the temptation to break such contracts. Every dictate of reason and right requires that the rule should stand, even if the original reason assigned for it must fail. We may discard the reason as illogical, but not the rule, which is necessary to do justice and to promote fair dealing. The doctrine, as we have stated it, has been accepted by this Court, as the authorities we have cited show, and we believe that it is sustained by the best-considered cases in other jurisdictions. In 20 A. and E. Enc. (2 Ed.), 37, it is said: "Where the action is brought subsequent to the expiration of the term of employment, the decisions are practically unanimous to the effect that the measure of damages is prima facie the wages for the unexpired portion of the term, this amount to be diminished by such sums as the servant has earned, or might have earned by a reasonable effort to obtain other employment in the same line of business." Wilkinson v. Black,80 Ala. 329; McMullen v. Dickinson Co., 27 L.R.A., 409; Hale on Damages, 67. Numerous cases are collected in the notes to be found in 20 A. and E. Enc. (2 Ed.), 37, and we refer to them without any particular enumeration here.
In Pierce v. R. R., 173 U.S. 1, the Court, applying the rule that, in an action for breach of contract the amount which would have been *Page 52 
received if the contract had been kept is the measure of damages, if it is broken, held that the servant is entitled to receive the full amount of wages, subject to proper deductions, even when the suit was brought for the breach prior to the expiration of the full period of service. When there is a breach of the contract by the master a liability arises out of his implied undertaking to indemnify the servant against all loss resulting from his wrong, and this indemnity may accrue (37) to the servant by instalments and is continuing in its nature. 27 L.R.A., 409. The fact that the plaintiff sued and recovered judgment for the second instalment is no bar to this suit as to the one remaining, or the last instalment, for the latter was not then due, and that judgment settled nothing except as to the second and third months' wages, which were then due and unpaid. It would be strange indeed if the plaintiff could be barred by that judgment when at the time it was obtained he could not have sued for the last instalment. The law is the other way. It has been so expressly decided. Armfield v. Nash, 31 Mass. 361; Isaacsv. Davies, 68 Ga. 169; La Courseir v. Russell, 82 Wis. 265; Strauss v.Meerteif, 64 Ala. 299. The principle results from the right to sue as the instalments become due. Markham v. Markham, supra. This disposes of the first and second prayers for instructions.
The instruction requested in the third prayer was properly refused, as the duty of the employee to seek other employment could be considered only in diminution of damages. He might not have been able to get employment, if he had made proper effort, or not as good wages. "A recovery, of course, cannot be entirely defeated by showing that the servant obtained or could have obtained other employment; but it is always competent for the master to show these facts in mitigation of damages, the burden of proof in all cases being upon him." 20 A. and E. Enc. (2 Ed.), 37. Plaintiff was entitled at least to nominal damages for the breach. Ib., note 3.
Assuming the evidence ruled out by the Court to be competent, we do not think its exclusion was anything more than harmless error. No substantial wrong has been done to the defendant. The witness Pennington had already testified that the plaintiff contended only for one month's salary; and if this is so, he must necessarily have been satisfied when he received it; so that the statement, that he (38) appeared to be satisfied, was merely cumulative and added no more weight to the testimony than it already had. Woolen v.Outlaw, 113 N.C. 281. Besides, we are convinced that substantial justice has been done and that the evidence, if it had been admitted, *Page 53 
would not have changed the result. Conly v. Coffin, 15 N.C. 563; Whitfordv. New Bern, 111 N.C. 273.
The other exceptions are without merit, and perhaps need no special consideration. We will add, though, that upon careful examination we have not been able to find any evidence tending to show good ground for the discharge; and, as to the form of the summons, treated as a complaint, if the evidence did not correspond with it, there was only a variance, an objection to which cannot be raised here for the first time. But the form of the summons was sufficient and there was no substantial variance.
The Court committed an error in its charge to the jury upon the fourth issue, as the suit before the Justice constituted a bar to the recovery of the third instalment of wages, which under the erroneous instruction was included in the verdict and became afterwards a part of the judgment. There must be a new trial as to the fourth issue, unless the plaintiff thinks he will be unable to show a state of facts different from those which now appear in respect to the actual time of issuing the summons in the former suit, and agrees before the opinion is certified to the Court below to remit the amount of the third instalment, in which case the judgment will be reduced accordingly, and, as thus modified, it will be affirmed and so certified.
New Trial.
Cited: Ivey v. Cotton Mills, 143 N.C. 198; Emry v. Chappell,148 N.C. 330; S. c., 148 N.C. 335; Currier v. Lumber Co., 150 N.C. 694;Farris v. R. R., 151 N.C. 492.
(39)