MRS. IRENE ROBINSON v. L. F. McALHANEY.

(Filed 12 October, 1938.)

**Election of Remedies § 2—Party must elect between action for breach of contract and action for fraud inducing its execution.**

A party may not sue to recover damages for breach of contract and at the same time recover damages for fraud inducing the execution of the instrument, and in this action instituted in the general county court to recover damages for breach of contract, the Superior Court on appeal correctly sustained defendant's exceptions to evidence and the charge of the court relating to plaintiff's allegations that defendant induced plaintiff to enter into the contract by reason of false and fraudulent representations.

APPEAL by plaintiff from *Alley, J.,* at April Term, 1938, of BUNCOMBE.

Civil action to recover damages for breach of contract.

This action was instituted in the general county court of Buncombe.

Plaintiff alleges in substance, and on trial in the general county court offered evidence tending to show: That in February, 1936, she entered into a contract with defendant by which it was agreed that if she would procure a lease on tourist home owned by H. L. Lambert and consisting of store, restaurant, rooms and cabins located at the entrance to the Great Smoky Mountain National Park above the Cherokee Indian School in Swain County, and give to defendant the benefit of her experience and good will in the community, and her knowledge of trading with the Indians, he would finance the entire proposition, furnishing the necessary funds for the payment of rents, purchasing of Indian craft, and all expenses incidental to such business, and providing for plaintiff and her two minor daughters board and lodging on the premises—she to manage the business, be in full, complete and sole charge of the premises, and to receive three and one-half per centum of the gross receipts from the business; that she obtained a five-year lease to defendant to become effective on 1 April, 1936; and that she remained upon the premises, and complied with the terms of the agreement until about 1 June, 1936, during which period the defendant breached the contract in numerous respects specified, "all to her great loss and damage."

Plaintiff further alleges and, over defendant's objection, offered evidence tending to show: That, by reason of false and fraudulent representations made by defendant, she was induced to enter into the contract "all to her great loss and damage." Plaintiff further alleges: "That by virtue of the matters and things hereinabove set out, this plaintiff has been damaged by the defendant's breach of contract, his deceits and misrepresentations, and his fraudulent breach of the contract, in the sum of at least $30,000."

Defendant denied material allegations of the complaint and objected to the admission of testimony.

These issues were submitted to and answered by the jury:

"1. Did the defendant contract with the plaintiff, as alleged in the complaint? Answer: 'Yes.'

"2. If so, did the defendant breach the contract, as alleged in the complaint? Answer: 'Yes.'

"3. Did the defendant induce the plaintiff to enter into said contract by reason of the fraudulent representations, as alleged in the complaint? Answer: 'Yes.'

"4. What amount, if any, is the plaintiff entitled to recover of the defendant on account of board for herself and two daughters, as alleged in the complaint? Answer: 'None.'

"5. What amount has plaintiff obtained by way of compensation from other employment subsequent to the breach of the contract and prior to 8 July, 1937? Answer: 'None.'

"6. What damage, if any, is the plaintiff entitled to recover of the defendant? Answer: '$5,750.' "

From judgment on verdict defendant appealed to the Superior Court, and presented one hundred four assignments of error covering one hundred four exceptions taken during the trial and to the charge of the judge in the general county court. Thirty-eight of the assignments were sustained and the others were overruled. The verdict on the first, second and fourth issues was sustained. The verdict on the third issue was set aside for errors committed in the trial, and "for the further reason that plaintiff, suing upon the contract and asking a recovery under its terms, is precluded from attacking the contract for fraud." The verdict on the fifth and sixth issues was set aside, and a new trial ordered on those two issues.

From judgment in accordance with the rulings of the judge of Superior Court, plaintiff appeals to Supreme Court, and assigns error.

*Weaver & Miller and Irwin Monk for plaintiff, appellant.*

*B. C. Jones, Dan K. Moore, and Jones, Ward & Jones for defendant, appellee.*

WINBORNE, J.   The record on this appeal discloses error in the trial in the general county court of Buncombe County which was assigned on appeal to, and declared in the Superior Court.   Many of the assignments of error, which were sustained, cover exceptions to the admission of testimony, to the statement by the court of contentions of plaintiff, and to the charge on the law, all relating to and bearing upon the plaintiff's allegation that she was induced to enter into the contract by reason of false and fraudulent representations of the defendant upon which she relied to her loss and damage.

Evidence was introduced over defendant's objection and exception. Exception was not taken at the time to the contentions based on the evidence, but the court then gave this instruction to the jury: "Now, if you find from this evidence, and by the greater weight of it, that the defendant and the plaintiff entered into the contract as she alleges, and at the time of the execution and delivery of the lease on the premises by Mr. Lambert, that the defendant then had in his mind the intention not to perform the contract and that he made the representations to her that he would perform it; that the representations so made were false and were made with the intention of deceiving her; that they did deceive her; that she reasonably relied on his representations; that she sustained damages thereby, you would answer the third issue, 'Yes.'"

The evidence was incompetent.   The charge was prejudicial error. Exceptions thereto are well taken.   Plaintiff cannot treat the contract as in force for the purpose of recovering damages for its breach, and at the same time recover damages as a result of fraudulent inducement. *Food Co. v. Elliott,* 151 N. C., 393, 66 S. E., 451.

It is manifest that the jury may fairly have understood that, in assessing damages, any fraud found could be taken into consideration.   It is unnecessary to discuss other exceptions.   *Robinson v. McAlhaney, ante,* 180.

The judgment below is
Affirmed.