RICHARD LEE FREEMAN v. HARDEE'S FOOD SYSTEMS, INC.

(Filed 13 April, 1966.)

**1. Judgments § 22—**

A judgment by default final which is beyond the statutory authority of the clerk to enter, will be vacated on motion in the cause.

**2. Judgments § 14—**

Where, in an action for wrongful discharge, it appears that plaintiff employee left the municipality of his residence and moved to the municipality in which he was to be employed, losses sustained by the employee in selling his house and his expenses in moving back to his home town after the wrongful termination of his employment are not capable of ascertainment by computation, and a judgment by default final in favor of the employee in a sum including such losses is beyond the jurisdiction of the clerk to enter, and such judgment is properly set aside on motion in the cause. G.S. 1-209, G.S. 1-211.

**3. Master and Servant § 10—**

If an employer wrongfully discharges an employee before the expiration of the term fixed in the contract, the employee's recovery is not limited to the salary due at the time the action is commenced.

**4. Judgments § 22—**

Where the allegations are sufficient to state a cause of action for breach of contract entitling plaintiff to recover in some amount at the time of the institution of the action, judgment by default final is properly set aside when the amount due is not subject to computation, but plaintiff's action should not be dismissed.

MOORE, J., not sitting.

LAKE, J., concurs in result.

APPEAL by plaintiff from a judgment dated December 10, 1965, entered by *Cowper, Resident Judge,* in Chambers in Kinston, Lenoir County, in an action pending in WAYNE Superior Court.

Action by plaintiff-employee to recover damages on account of alleged wrongful discharge, heard below on defendant-employer's motion to vacate a judgment by default final entered November 4, 1965, by the Clerk of the Superior Court of Wayne County.

Plaintiff's allegations, summarized except when quoted, are set forth below.

On or about February 20, 1965, defendant employed plaintiff for a term of "at least two (2) years" upon the following terms: Plaintiff was to leave his home and employment in Goldsboro and move to Rocky Mount where he was to enter defendant's employment as its treasurer. Defendant agreed to pay plaintiff's moving costs and also reimburse plaintiff in the amount of $700.00 for "employment

fees" plaintiff had incurred. Defendant agreed to pay plaintiff $165.00 per week during the "first 52 weeks of employment" and $180.00 per week during "the second year of said employment."

Plaintiff sold his home in Goldsboro at a substantial loss and moved to Rocky Mount. He entered defendant's employment as its treasurer and continued therein until August 3, 1965, when he "was wrongfully, and without just cause discharged by the defendant." At the time of his discharge, defendant paid to plaintiff "salary equivalent for three (3) additional months subsequent to the discharge date, less approximately $100.00."

By reason of defendant's "breach of contract," defendant is indebted to plaintiff in the total sum of $12,686.00, consisting of these items: (1) "Sixteen (16) weeks salary at $165.00 per week," plus "Fifty-two (52) weeks salary at $180.00 per week," a total of $12,000.00; (2) damages in the sum of $600.00, "representing the amount of money which the plaintiff lost on the sale of his house at the time he moved to Rocky Mount, North Carolina"; and (3) damages of $86.00, being the amount of the expenses plaintiff incurred in moving "from Rocky Mount back to Goldsboro."

The judgment by default final entered by the clerk on November 4, 1965, recites that this action was instituted September 30, 1965; that the summons and complaint were served on defendant on October 4, 1965; that defendant had failed to file answer or otherwise plead; and that it appeared that the action was for "the breach of an express contract to pay a sum of money fixed by the contract, namely, the sum of $12,686.00." Thereupon, judgment was entered "that the plaintiff have and recover of and from the defendant the sum of $12,686.00, and the costs of this action."

On November 18, 1965, defendant moved to vacate said judgment on alternative grounds, to wit: (1) It is not supported by the allegations of fact set forth in the complaint; (2) plaintiff, if entitled to any judgment by default, would be entitled to judgment by default and inquiry rather than to judgment by default final; (3) defendant has a meritorious defense and its failure to plead within the prescribed time is on account of excusable neglect.

There appears in the record the affidavit of J. L. Rawls, Jr., defendant's president, sworn to and subscribed December 2, 1965, in which he sets forth facts on the basis of which defendant contends it has a meritorious defense and its failure to plead within the prescribed time is excusable.

The cause was heard by Judge Cowper on defendant's said motion.

The judgment entered by Judge Cowper sets forth the facts narrated above. The court made no findings related to defendant's asserted meritorious defense and excusable neglect. The judgment sets forth in detail the court's "CONCLUSIONS OF LAW." The judgment concludes as follows:

"It is therefore, ORDERED, ADJUDGED AND DECREED:

"1. The judgment by default final entered herein by the Clerk of the Superior Court for Wayne County is hereby vacated and set aside.

"2. Plaintiff having already been paid by defendant a sum of money in excess of that to which he is entitled upon his complaint by law, plaintiff shall have and recover nothing of the defendant by virtue of this action.

"3. The costs of this action shall be taxed to the defendant by the Clerk."

Plaintiff excepted to each of Judge Cowper's conclusions of law and to his judgment and appealed.

*Herbert B. Hulse and Sasser & Duke for plaintiff appellant.*

*Spruill, Trotter & Lane and George K. Freeman for defendant appellee.*

BOBBITT, J. When a clerk of superior court, without statutory authority, enters a judgment by default final, it is subject to attack by motion in the cause and will be vacated. *Cook v. Bradsher,* 219 N.C. 10, 12 S.E. 2d 690, and cases cited.

The authority conferred upon clerks of superior court by G.S. 1-209 and G.S. 1-211 includes authority to enter judgment by default final when the complaint sets forth a cause of action for "the breach of an express or implied contract to pay, absolutely or upon a contingency, a sum or sums of money fixed by the terms of the contract, or capable of being ascertained therefrom by computation." The judgment under attack herein discloses on its face that the clerk purported to act under said authority.

The court held, and rightly so, that defendant was not obligated under the terms of the alleged contract to pay for any losses plaintiff might incur in connection with the sale of his home in Goldsboro or for plaintiff's expenses in moving back to Goldsboro from Rocky Mount. Assuming, but not deciding, that plaintiff is entitled to recover damages on account thereof, the amount of such recovery is not fixed or capable of being ascertained by computation. Hence, the clerk had no authority to enter judgment by default final therefor.

With reference to amounts due plaintiff as salary under the alleged contract, decision rests upon a different legal principle, namely, that the clerk's judgment by default final shauld be vacated if the complaint does not allege facts sufficient to constitute a basis therefor. *Presnell v. Beshears,* 227 N.C. 279, 41 S.E. 2d 835, and cases cited. Applying this legal principle, the court held the facts alleged in the complaint disclosed that plaintiff, *as of the date of the commencement of the action,* had suffered no pecuniary loss in respect of salary payments.

The court, while vacating the clerk's judgment by default final, taxed defendant with the costs, presumably on the ground that plaintiff would be entitled to nominal damages on account of alleged breach of contract. *Bowen v. Bank,* 209 N.C. 140, 144, 183 S.E. 266.

With reference to amounts due plaintiff as salary under the alleged contract, the court noted that the following facts appear from plaintiff's allegations. The breach occurred August 3, 1965, when plaintiff was discharged. Plaintiff commenced this action September 30, 1965, nine weeks later, and for these nine weeks at the rate of $165.00 per week plaintiff would have been entitled to a total of $1,485.00. He was actually paid "salary equivalent for three (3) additional months subsequent to the discharge date, less approximately $100.00." The months of August, September and October contained thirteen weeks. Thus, at the time of the alleged breach on August 3, 1965, defendant paid plaintiff $2,045.00 ($2,145.00 less $100.00), that is, $560.00 more than the amount of salary plaintiff was entitled to receive as of the date he commenced this action.

The clerk's judgment by default final was entered November 4, 1965, approximately five weeks after the date this action was commenced. The payment made by defendant to plaintiff on August 3, 1965, was insufficient to the extent of approximately $265.00 to cover the amount due plaintiff as salary as of November 4, 1965, under the terms of the alleged contract.

The foregoing leads to the conclusion that plaintiff's allegations disclose affirmatively that defendant was not indebted to plaintiff under the alleged contract on September 30, 1965, or on November 4, 1965, if at all, in the amount of $12,000.00, the total amount of the salary due and to become due during the remainder of the two-year contract period. Hence, the clerk had no authority to enter the judgment by default final therefor.

While the court properly vacated the clerk's judgment by default final, the action should not have been dismissed if the amount plaintiff was entitled to recover under his allegations was determin-

able as of November 4, 1965, rather than as of September 30, 1965. Hence, it becomes necessary to consider the reason the court dismissed the action. This appears from the following conclusion of law set forth in the court's judgment, *viz.:* "3. Plaintiff's cause of action is to recover damages for the alleged breach of a contract of employment where the contract is entire and the services are to be paid for by installments at stated intervals. He elected to sue at once on the breach and accordingly can recover only his damages to the time of bringing suit."

In the quoted conclusion of law, Judge Cowper adopted the language of the opinion in *Robinson v. McAlhaney,* 216 N.C. 674, 6 S.E. 2d 517 (s. c., 214 N.C. 263, 199 S.E. 26), where, in relation to the contract then under consideration, it was held that the plaintiff's right to recover for wrongful breach of her employment contract was limited to 3½% of the gross receipts (the basis of her agreed compensation) prior to the date she commenced her action. The decision was based largely on *Smith v. Lumber Company,* 142 N.C. 26, 54 S.E. 788, particularly on this excerpt from the opinion therein: "(W)hen the contract is entire and the services are to be paid for by instalments at stated intervals, the servant or employee who is wrongfully discharged has the election of four remedies: 1. He may treat the contract as rescinded by the breach, and sue immediately on a *quantum meruit* for the services performed; but in this case he can recover only for the time he actually served. 2. He may sue at once for the breach, in which case he can recover only his damages to the time of bringing suit. 3. He may treat the contract as existing and sue at each period of payment for the salary then due. (We do not consider the right to proper deduction in this case, as it is not now presented.) 4. He may wait until the end of the contract period, and then sue for the breach, and the measure of damages will be *prima facie* the salary for the portion of the term unexpired when he was discharged, to be diminished by such sum as he has actually earned or might have earned by a reasonable effort to obtain other employment."

In *Robinson v. McAlhaney, supra,* it was held that the plaintiff had "elected to pursue the second remedy and (was) limited in recovery of damages to date of institution of the action." In *Smith v. Lumber Company, supra,* this Court was dealing specifically with a factual situation in which the plaintiff elected to pursue the third remedy, that is, the institution of a separate (successive) suit at the end of "each period of payment for the salary then due," a remedy described in 1 Labatt's Master & Servant, Second Edition, § 363 (c), p. 1145, as follows: "The latter alternative has so far found

favor with very few courts (see § 348, *ante*), and is clearly open to the serious, if not fatal, objections that its adoption involves the acceptance of an extremely disputable theory as to the apportionment of the contract, and that it disregards the salutary principle embodied in the maxim, *Interest reipublicæ ut finis sit litium.*"

It appearing that the rule stated in *Smith v. Lumber Company, supra,* and restated and applied in *Robinson v. McAlhaney, supra,* limiting recovery to the date the action is instituted, is at variance with the great weight of authority, reconsideration thereof seems appropriate.

The subject is fully discussed in the annotation, "Recovery of damages by employee wrongfully discharged before expiration of time period fixed in employment contract as embracing entire term of contract or as limited to those damages sustained up to time of trial," 91 A.L.R. 2d 682. It is there stated: "The rule that where an action for wrongful discharge is tried before the end of the employment term, the employee may recover damages for the entire term of the contract, beyond the date of trial, and his recovery is not limited to damages sustained up to the time of trial, has been supported or recognized in the great majority of the jurisdictions wherein the question has been considered." Decisions from twenty-seven jurisdictions are cited in support of this rule. It is approved in 5 Williston on Contracts, Revised Edition, § 1362, and in Labatt, *op. cit.,* § 363. The author of said annotation also states: "The rule that where an action for wrongful discharge is tried before the end of the employment term, the recovery by the employee is limited to damages sustained up to the time of trial, has been supported in a small number of jurisdictions." Decisions from seven jurisdictions are cited as supporting this rule. The annotation contains a reference to *Robinson v. McAlhaney, supra,* and a statement of the decision therein. The reasons in support of the majority rule and those in support of the minority rule are set forth in said annotation and in decisions cited therein and in Williston, *op. cit.,* and Labatt, *op. cit.,* and need not be repeated. It is noteworthy that Labatt, *op. cit.,* comments: "The doctrine embodied in a few cases is that no damages are recoverable except in respect to the period which had already elapsed when the action was commenced. (Citing, *inter alia, Smith v. Lumber Company, supra.*) But the preponderance of authority is so decidedly against this doctrine that it may safely be treated as erroneous, except in the jurisdictions in which it has been explicitly adopted."

On this appeal, it is sufficient to say that, under the facts herein, plaintiff, if entitled to recover, is not limited in respect of salary

payments due under the alleged contract to the amount, if any, due when this action was commenced. To this extent, the rulings in *Smith v. Lumber Company, supra,* and *Robinson v. McAlhaney, supra,* may no longer be considered authoritative. Decision as to whether this Court will adopt the majority view or the minority view or a variation of either is deferred until the question is directly presented and fully argued.

The judgment, to the extent it vacates the clerk's judgment by default final, is affirmed; but the judgment is modified by striking therefrom the provisions purporting to dismiss the action and tax defendant with the costs.

In the circumstances, the cause is remanded to the superior court for determination by the judge thereof in his discretion whether defendant should be granted leave to file answer, and, if not, whether judgment by default and inquiry should be entered. In this connection, it seems appropriate to call attention to the rule stated in *Thomas v. College,* 248 N.C. 609, 615, 104 S.E. 2d 175, relating to the measure of damages.

Affirmed, as modified, and remanded.

MOORE, J., not sitting.

LAKE, J., concurs in result.