## HUBBARD et al. v. EXCHANGE BANK.

(Circuit Court of Appeals, Second Circuit. February 18, 1896.)

BILLS AND NOTES—ACCEPTANCE—LAW OF PLACE.

P., a member of a firm doing business in New York, called upon one H., in Y., S. C., requesting him to buy certain cotton, and agreed that, upon receipt of the bills of lading therefor, his firm in New York would either remit currency for the price, or would promptly honor drafts therefor. In an action against H.'s firm to recover the amount of drafts, drawn in accordance with this agreement, which that firm had refused to accept or pay, *held*, that the contract to accept the drafts was governed by the law of South Carolina, where it was made, and was not affected by a statute of New York forbidding a recovery upon a verbal promise to accept bills of exchange by one who has taken a bill upon such promise.

In Error to the Circuit Court of the United States for the Southern District of New York.

This was an action by the Exchange Bank of Yorkville, S. C., against Samuel T. Hubbard and others, doing business as Hubbard, Price & Co., to recover the amount of certain drafts, drawn on Hubbard, Price & Co. by the firm of Hope & Co. A demurrer to the complaint was overruled. 58 Fed. 530. Thereafter, upon the trial, judgment was rendered for the defendants, which was reversed on error, and a new trial granted. 10 C. C. A. 295, 62 Fed. 112. On the second trial, judgment was rendered for the plaintiff. Defendants bring error. Affirmed.

Edward B. Hill, for plaintiffs in error.

John R. Abney, for defendant in error.

Before WALLACE and SHIPMAN, Circuit Judges.

SHIPMAN, Circuit Judge. This case comes for the second time to this court by writ of error. The facts of the case and the law which was deemed applicable thereto are fully stated in Bank v. Hubbard, 10 C. C. A. 295, 62 Fed. 112. The new fact of substantial importance which appeared upon the second trial was Price's testimony, that, when he said, in his telegram, "drafts on New York," he meant on Hubbard, Price & Co., the defendants. The court charged the jury that the theory of the plaintiff was twofold, and that, if it succeeded in establishing, either that Hope bought the cotton and borrowed the money as the agent of Hubbard, Price & Co., or that, if buying for himself, and selling on his own account, there was a promise made, on behalf of the defendants, by Price, that they would accept the drafts, it was entitled to a verdict. The jury returned a verdict for the plaintiff.

The brief of the plaintiffs in error presents three grounds upon which they seek to recover the judgment: (1) That, the action being for a breach of promise to accept bills of exchange, the statute of New York forbids a recovery by one who has taken a bill of exchange upon such a promise; (2) that the plaintiff cannot recover upon any cause of action except the one founded upon a promise to accept the bills; (3) that there was no evidence to

justify the theory that Hope & Co. were acting as agents for Hubbard, Price & Co.

Upon the first point, this court, in its former opinion, cited the well-considered opinion in Scudder v. Bank, 91 U. S. 406, which turned upon the question of the validity of a verbal acceptance of a bill of exchange, as an authority for the proposition that "matters bearing upon the execution, the interpretation, and the validity of a contract are determined by the law of the place where the contract is made." The defendant insists that, under circumstances similar to those in this case, the supreme court subsequently held that the law of the place of performance must govern as to the validity of a contract which was invalid under the statute of the state in which the contract was made. Hall v. Cordell, 142 U. S. 116, 12 Sup. Ct. 154. In that case, which was an action in Illinois, upon the breach of a verbal agreement, made in Missouri, to accept and pay, in Illinois, drafts drawn upon the promisor by the promisee, the same being a contract upon which no action, by a statute of Missouri, could be maintained in that state, but which was valid in Illinois, it was held that "nothing in the case shows that the parties had in view, in respect to the execution of the contract, any other law then the law of the place of performance. That law, consequently, must determine the rights of the parties." This statement of the law is in accordance with the well-established principle which had been previously concisely stated in Liverpool & G. W. Steam Co. v. Phenix Ins. Co., 129 U. S. 397, 9 Sup. Ct. 469, as follows:

"Contracts are to be governed, as to their nature, their validity, and their interpretation, by the law of the place where they were made, unless the contracting parties clearly appear to have had some other law in view."

In the case now in question, the facts clearly show that the parties did not have in view, in respect to the execution of the contract, the law of the state of New York. Price, one of the defendants, at Yorkville, S. C., authorized Hope to state to the Exchange Bank of Yorkville that the defendants would remit the currency immediately upon receiving the bills of lading for the cotton, or would honor drafts promptly, as the bank preferred, and on the next day sent Hope & Co. a telegram, containing the sentence, "Drafts on New York, or currency shipment from there as you prefer." This telegram was shown to the president of the bank, as Hope & Co.'s authority to obtain the money. In view of the defendants' express promise to remit currency, or to honor drafts promptly, as the bank preferred, there can be no doubt that the parties had only the law of South Carolina in view. If the plaintiff had had any idea that it was contracting in view of the statutory law of the state in which the drafts were to be accepted, and that it might be entangled by the law of the place of performance in regard to a verbal promise to accept drafts, it would have promptly accepted the promise to remit the currency; in other words, a promise of prompt cash payment. The conduct of Price in regard to payment, equally shows that he did not have the

statute of New York in contemplation as a safeguard or a shield against the effect of his promise. Moreover, the drafts were cashed and the advances were made in South Carolina, which Price knew must be the course of business,—a fact which was regarded, in Bank v. Griswold, 72 N. Y. 473, to be powerful upon the inferences to be drawn from the conduct of the parties in regard to their views respecting the law applicable to the contract.

The other points which the plaintiff in error presents were fully considered in the former opinion. The judgment of the circuit court is affirmed, with costs.