## GASTON, WILLIAMS & WIGMORE OF CANADA, LTD. *v.* WARNER.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE SECOND CIRCUIT.

No. 59. Argued October 13, 1922.—Decided November 13, 1922.

The Canadian owner of a British ship of a Canadian port made a contract in New York with W, a citizen of that State, authorizing him to offer the vessel for a specified price and agreeing to pay him a specified commission for securing a purchaser. W introduced purchasers with whom the owner agreed for a charter and sale at that price, the ship to be delivered and the price paid at New York; but, it subsequently appearing that the owner was bound by contract with, and regulations of, the British Government not to sell without that Government's consent, which could not be obtained, the contract of sale was rescinded. *Held,* That W's contract, made without reference to nationality or location of the ship or to foreign law, was governed by, and valid under, the law of New York, and that the owner's disability to consummate the transaction was not a defense to W's action for his commission, even if, under the British law, the contract of sale was void. P. 203.

272 Fed. 56, affirmed.

CERTIORARI to a judgment of the Circuit Court of Appeals, which affirmed a recovery by the respondent in his action against the petitioner for commission on the sale of a ship.

*Mr. Cletus Keating* for petitioner.

*Mr. Joseph P. Nolan* for respondent.

Mr. Justice Sutherland delivered the opinion of the Court.

The parties to this action on December 11, 1916, in New York City, entered into a contract, the essential terms of which appear in the following letter from petitioner to respondent:

"Referring to our conversation this afternoon, I beg to advise that you are authorized to offer the steamer 'Eskasoni' for sale for four hundred and seventy-five thousand dollars, $475,000.

"Details as to terms of payment, transfer of steamer, etc., can be talked over when you have purchasers."

Respondent was a citizen of the State of New York and a resident of New York City. Petitioner was a foreign corporation, organized and existing under the laws of the Dominion of Canada. The steamship referred to was a British steamship of St. Johns, Newfoundland, owned by the petitioner. It was agreed that the respondent should receive two and one-half per cent. commission for securing a purchaser for the ship. Respondent undertook the employment and subsequently introduced to petitioner two prospective purchasers, with whom petitioner entered into a written contract for the charter and sale of the ship for the sum mentioned. Five thousand dollars was paid down on account, out of which respondent received two and one-half per cent., or $125.

Subsequently it appeared that the petitioner was bound by a contract with the British Government to comply with the instructions and rules of that government in the operation of its vessels, and whereby it agreed not to charter any vessel to anyone to whom that government should object. Among the governmental regulations then in force was one which provided that:

"A person shall not, without permission in writing from the Shipping Comptroller, directly or indirectly and

whether on his own behalf or on behalf of or in conjunction with any other person, purchase, or enter into or offer to enter into any agreement or any negotiations with a view to an agreement for the purchase of any ship or vessel."

Any act in contravention of this regulation was declared to be an offense.

Permission to make the sale in question was never obtained and the petitioner was notified by its Consul that such permission would be withheld by the British Government. The petitioner thereupon refused to consummate the sale and returned to the purchasers the $5,000 which they had paid.

The respondent brought an action against petitioner in the District Court of the United States, Southern District of New York, to recover the balance of his commission, which resulted in a judgment in his favor. On error from the Circuit Court of Appeals for the Second Circuit, that court affirmed the judgment of the lower court, and the petitioner brings the case here on writ of certiorari.

The District Court declined to charge, as requested by petitioner, that, if the jury believed the evidence to the effect that the contract under British law was illegal and void, this would constitute a good defense to the action. On the contrary, that court instructed the jury in effect that the invalidity of the contract under British law would constitute no defense to the action, and directed a verdict for the respondent, which was returned in the sum of $11,750; and judgment was entered accordingly.

The contract, as stated, was made in New York, and it does not appear that the contracting parties in making it had in view any other law than that of the place where it was made. It is, therefore, to be governed as to its validity and operation by the law of the State of New York. *Bulkley* v. *Honold,* 19 How. 390, 392; *Scudder* v.

*Union National Bank,* 91 U. S. 406, 412. Tested by that law the contract is valid. By the terms of the contract respondent was "authorized to offer the steamer 'Eskasoni' for sale for four hundred and seventy-five thousand dollars." Nothing was said as to where the ship then was, what flag she carried nor what law was to govern the transaction. The contract of charter and sale provided for the payment of the consideration in several installments in New York City and for the delivery of the ship to the purchasers at that port.

When, in pursuance of this contract, respondent procured purchasers for the ship at the stated sum, with whom petitioner entered into contract, the transaction, so far as the respondent was concerned, was completed and he became entitled to the payment of the stipulated commission. The fact that the contract of charter and sale was subsequently canceled because petitioner was unable to secure the consent of the British Government to the sale could have no effect upon the respondent's rights. The contract with respondent, as well as the contract of charter and sale, was made and was to be performed within the State of New York, and being valid under the law of that State, the respondent is not to be deprived of his compensation simply because petitioner found itself unable to consummate the latter contract by reason of its inability to perform a condition made necessary by the provisions of the law of another country. See *Aber* v. *Pennsylvania Co., etc.,* 269 Pa. St. 384.

Even if the contract of sale was void by British law, all other questions aside, respondent's connection with it was not such as to deprive him of his commission. His action was not to enforce that contract, but his own. *Irwin* v. *Williar,* 110 U. S. 499, 509–510.

We find no error in the judgment of the Circuit Court of Appeals and it is

*Affirmed.*