**SOUTHWELL v. ROBERTSON, Superintendent of Insurance Department of Missouri.**

No. 18398.

District Court, E. D. Pennsylvania.

Feb. 15, 1939.

Judah Zelitch, of Philadelphia, Pa., for plaintiff.

John G. Kaufman, of Philadelphia, Pa., and Frank P. Aschemeyer, of St. Louis, Mo., for defendant.

DICKINSON, District Judge.

Leave was given to submit briefs.

This case was tried after the new Procedure Rules went into effect. What more than a change in terminology they effect is doubtful. Before them and without them what was done in this case was to grant a non-suit. The plaintiff's remedy under the Pennsylvania practice would be or at least might be, to move to take off the non-suit. If the motion prevailed the case would be retried. It thus had the effect of a motion for a new trial. If the motion to take off the non-suit was refused, under the Pennsylvania practice, it had the effect of a judgment for defendant. Under new Rule 41(b), 28 U.S.C.A. following section 723c, what was done in this case "operates as an adjudication upon the merits." This can have no other meaning than that it operates as a judgment for defendant. In other words it has the same effect as the refusal to take off a non-suit has under the Pennsylvania practice. Rule 58 of the new Rules provides that judgment shall be entered at once upon the verdict of a jury. We would not venture to say what is or is not in the new Rules but we have not had our attention called to any rule which directs what shall be done in the case of the awarding of a non-suit or its equivalent under Rule 41(b). There likewise does not appear to be any rule prescribing the practice or the method of getting away from a judgment of non-suit unless Rule 59 on the subject of new trials is applicable. We assume it is and hence have used the subtitle of a rule for a new trial. Plaintiff had the right to move for it in any event.

We awarded a non-suit because the action brought is to recover a judgment against the Superintendent of Insurance of the State of Missouri on an averred contract with the Insurance Company. A proceeding was begun against the Insurance Company to wind it up because of failure to comply with the Insurance Laws of Missouri. The Company had the right to defend and employed the plaintiff to assist it. He rendered service and the present action is to recover compensation. The Company was placed in the hands of the Superintendent of Insurance for liquidation and the usual restraining order issued. The action has been brought against him. A difficulty we encounter in rendering judgment for the plaintiff is to determine what the judgment should be if for the plaintiff. To render a judgment against the Superintendent personally and individually would be not merely an injustice but an absurdity. The plaintiff concedes this and asks for a judgment against the defendant in his representative character. To render a judgment against him in his official capacity would be to dictate to the tribunal making distribution, the dividend which should be awarded to the plaintiff. If leave to sue had been given by the Missouri Court the action would have been one against the Insurance Company to determine the sum of its indebtedness to the plaintiff. We cannot however enter judgment against the Insurance Company because it is not sued as a party.

The plaintiff argues that the defendant has waived the objection to the suit having been brought without the leave of the Missouri Court. We could not find such waiver but the objection was raised and ruled against the defendant by this Court. Whether rightly or wrongly decided, such ruling settles the law of the case for trial purposes. The like comment applies to the ruling upholding the return of service. The defendant did not waive his objections by going to trial. He merely submitted to the ruling. The ruling was interlocutory and gave him no right of appeal. If, however, judgment had been rendered against him, he could have pressed his objections. We did not assume to reverse the rulings which had been made. We accepted them as the law of the case for trial purposes. The non-suit or dismissal was not granted on this ground but on the ground that the plaintiff did not make out a case against the defendant by evidence or proof that he had a contract with the Insurance Company for services rendered to it in defending itself in the Missouri proceeding against it. This made the allowance of a non-suit or an order of dismissal under 41(b) of the new Rules proper to be entered.

The rule for a new trial is discharged. If any further formal order or judgment is thought to be called for it may be submitted.