## PARKS–CRAMER CO. v. MATHEWS COTTON MILLS.
### C. A. No. 154.

District Court, W. D. South Carolina, Greenwood Division.

Dec. 28, 1940.

John M. Robinson and Guthrie, Pierce & Blakeney, all of Charlotte, N. C., for plaintiff.

Grier, McDonald & Todd, of Greenwood, S. C., for defendant.

WYCHE, District Judge.

This action was instituted by the plaintiff to recover the alleged balance due by the defendant upon certain heating, humidifying and air conditioning equipment installed in the defendant's mill. The complaint alleges that this equipment was sold and delivered under three written contracts entered into between the parties.

The answer admits the execution of the three contracts, alleges that the plaintiff failed to perform said contracts, and denies that the defendant is indebted to the plaintiff in any sum whatever. The answer further proceeds to set up two counterclaims, the first being based upon alleged breaches of the express warranties contained in the written contracts and seeking damages therefor. The second counterclaim repeats the allegations of the first counterclaim and then proceeds to allege that the representations and warranties therein set forth were fraudulently made by the plaintiff for the purpose of inducing the defendant to enter into the contracts, and the defendant prays damages therefor.

Upon the filing of this answer, the plaintiff filed a motion under Rule 12 (f), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, to strike the allegations in the answer in reference to fraudulent inducement of the contracts, upon the ground that said allegations were immaterial and impertinent to any existing claim of the defendant, in view of the fact that

238

the defendant had not rescinded the contracts, but was in fact seeking to recover damages for their breach.

 Upon the hearing, it was conceded that the three written contracts were consummated in North Carolina and should be interpreted according to the law of that State. Scudder v. Union National Bank, 91 U.S. 406, 23 L.Ed. 245; Gaston v. Warner, 260 U.S. 201, 43 S.Ct. 18, 67 L.Ed. 210. Hence the above motion is to be determined according to the substantive law of North Carolina; and that law is to the effect that a purchaser cannot treat a contract as valid for the purpose of recovering damages thereon and at the same time recover damages for fraudulent inducement of the contract. Robinson v. McAlhaney, 214 N.C. 263, 199 S.E. 26; American Pure Food Company v. G. W. Elliott, 151 N.C. 393, 66 S.E. 451, 31 L.R.A.,N.S., 910. In the Robinson case, wherein the plaintiff had failed to rescind the contract, the Court held that evidence of fraudulent inducement thereof was incompetent.

 This being the controlling substantive law, the procedure followed by the plaintiff in the present case is that approved by this Court in Schenley Distributors Corporation v. Renken, 34 F.Supp. 678. That case involved an interpretation and application of Rule 12 (f), and it was pointed out that one test as to whether an allegation in a pleading is immaterial and impertinent, within the meaning of that rule, is whether evidence in its support would be admissible.

 In the present case, the defendant retained the equipment delivered by the plaintiff and not only made no effort to repudiate or rescind the contracts, but in fact is seeking to recover damages for their breach. This being true, the North Carolina law confines the controversy to the contracts themselves and renders incompetent any evidence as to the fraudulent inducement thereof. A case is presented where the defendant under the facts alleged has only one cause of action. It is not a case where, under Rule 8 (e), subhead. (2), a party may state as many separate claims as he has regardless of consistency, but a case where the plaintiff has asked to strike the second counterclaim on the ground that it fails to state a cause of action against the plaintiff. Consequently, the second cause of action should be stricken from the answer, and counsel may submit an order in conformity herewith.