**RISS & COMPANY, Inc., Plaintiff,**

v.

**ASSOCIATION OF WESTERN RAILWAYS, Eastern Railroads Presidents Conference, et al., Defendants.**

**Civ. A. No. 4056-54.**

United States District Court
District of Columbia.

April 29, 1958.

On Motion for Separate Trial on Issue
of Venue May 27, 1958.

A. Alvis Layne, Jr., Robert L. Wright, Lester M. Bridgeman and T. S. L. Perlman, Washington, D. C., Attys., for plaintiff.

Stuart S. Ball, Richard J. Flynn, J. H. Hays, Amos M. Mathews, J. W. Nisbet, Chicago, Ill., and Lawrence Cake, Washington, D. C., Attys., for defendant The Association of Western Railways.

SIRICA, District Judge.

On March 3, 1958, this Court entered an order based on its opinion rendered February 25, 1958. The effect of the order was to deny the motion of defendant Association of Western Railways to dismiss the complaint as to it for lack of proper venue. AWR now moves to vacate the above order based on asserted errors of fact and of law made by the Court in reaching its decision. This being a motion addressed to the sound discretion of the Court, it will only be granted if the Court finds that the interests of justice so demand.

The principal contention of counsel for AWR is that the Court based its conclusion upon erroneous facts when it determined the relative amount of time spent by AWR employees in the District of Columbia. With respect to the overall size of AWR, counsel for defendant made the following somewhat vague statement on page 209 of the transcript of oral argument of January 13, 1958: "It (AWR) handles a budget of many millions of dollars serving an accounting function representing railroad activities", and elsewhere counsel had adverted to the "large" staff and "extensive" offices of AWR in Chicago. On the other hand, plaintiff in its interrogatories concerning venue had sought to find out the exact figures on the employment and payroll of the entire AWR organization. For example, interrogatory 3-0 of those filed January 20, 1955 requested the following information: *"How many persons are employed by the A. W. R.?"* In their objections to this and other interrogatories filed January 31, 1955, counsel for AWR stated:

"Interrogatories Nos. 3A, 3B, 3H, 3I, 3J, 3L, *3O*, 3P, and 3Q, request information concerning the 'progress' of the A. W. R. *and concerning its internal organization and operation.* The same comments apply. *The information is irrelevant to the only issues now before the Court, and is sought for obvious purposes which are clearly improper."* (Emphasis supplied.)

During the course of oral argument on May 23, 1955 before Judge Schweinhaut in connection with these same objections to interrogatories, Mr. Ball, Counsel for AWR stated at page 32a of the transcript:

"I wanted Mr. Layne to make that statement, because it seems to me

that is the one proper purpose of interrogatories at that time, is to relate to the matters that might bear upon the decision of venue. And we have already answered those interrogatories, which we believe relate to the question of venue. We have already filed our answers on those interrogatories. The ones that we are presently objecting to answering are those that we think do not relate to the issue as to venue, but relate to the general issues raised by the complaint generally against—in other words, the substance of their law suit, rather than the issue of venue."

▋▋ In considering this motion to vacate, the Court has carefully considered the pertinent parts of the record before it at the time the motion to dismiss was argued including briefs, affidavits, depositions and arguments, plus the stipulations of counsel on both sides as to the portions of Mr. Hays' deposition to be considered as part of the record. On this issue, the Court finds that its earlier ruling is amply supported by the matters of record when the motion was pending. In unavoidably complex litigation such as this, it would be extremely unwise for the Court to permit counsel to reopen each and every motion after it had been briefed, argued and decided merely to have the Court consider for the first time information which could have easily been furnished at the hearing.

▋ Counsel's other contentions amount to little more than differences of opinion with respect to the inferences to be drawn from the data of record in the case or with respect to which one of several competing versions of the facts seems on the whole more probably accurate. Divergent points of view either as to the law or to the facts certainly form an insufficient basis for vacating an order entered after full briefing and argument by counsel and careful consideration by the Court.

However, counsel has pointed out to the Court two minor errors in its opinion. On page 5 of the opinion [159 F. Supp. 291] the Court quotes a passage as coming from the *first* quarterly report of AWR for 1948 to the Clerk of the House of Representatives. Actually the quotation comes from the report of the Western Association of Railroad Executives— AWR's predecessor organization—for the first quarter of 1948. The affidavit of Mr. Joseph H. Hays, General Counsel of AWR, filed October 21, 1955 shows that the identical statement also appears in AWR's report for the *last* quarter of 1948.

Furthermore, it was not correct to have said on page 8 of the opinion [159 F.Supp. 292] that Mr. Lyle Boren *spent* $2620.64 on lobbying activities for AWR for the first quarter of 1956. The opinion should have stated that Mr. Boren received that amount as salary for his work on behalf of AWR during the above period.

▋ Apart from these minor errors, the findings of the Court were based precisely on what was presented to it during the arguments and what was a matter of record at that time. Justice does not require that the order be vacated merely because counsel at this late date provides information which could easily have been supplied to the Court at the hearing.

The motion to vacate is denied. Defendant AWR is granted five days within which to file its answer. Counsel for plaintiff will submit an order in conformity with this memorandum.

On Motion for Separate Trial on Issue of Venue

▋ In a motion filed May 5, 1958, defendant Association of Western Railways (AWR) requested a separate trial under Rule 42(b), Federal Rules of Civil Procedure, 28 U.S.C.A., on the issue of venue. Defendant alleges that it would be prejudiced if it has to go to trial before this issue has been finally resolved.

In the considered opinion of the Court, the issue has been finally resolved. On March 3, 1958, this court entered an or-

der denying defendant's motion to dismiss for lack of proper venue. The order was based upon careful consideration of all the factual and legal material furnished to the Court at the time of hearing by way of briefs, affidavits and extensive oral arguments. Soon after the Court issued the order of March 3, AWR moved to vacate the order alleging that certain errors of fact and law had served as the basis of the Court's denial of the motion to dismiss. After additional consideration of the briefs, the Court found no sound reason for vacating its earlier ruling and denied the motion by its order of April 30, 1958. Thus, AWR has already had the benefit of two rulings on the issue of venue.

It should be clear by now that, by any reasonable standard, the law of the case with respect to the question of venue as to AWR has been settled. The issue sought to be tried separately has already been presented to the Court through a procedure chosen by defendant, i. e. by motion, as authorized under Rule 12(b), Federal Rules of Civil Procedure.

Despite the denial of this motion, defendant has included as its First Defense in its answer filed May 5, 1958 to the Complaint as Supplemented, the issue of lack of venue. However, the issue of venue having been decided against AWR, this defense is no longer material to the case. Therefore, by virtue of Rule 12 (f), Federal Rules of Civil Procedure, the Court, on its own motion, orders that the First Defense be stricken from the answer of AWR filed May 5, 1958. Cf. Molesphini v. Bruno, D.C.E.D.N.Y.1939, 26 F.Supp. 595; Southwell v. Robertson, D.C.E.D.Pa.1939, 27 F.Supp. 944. There would be no point in retaining this defense when the Court at the trial would exclude all evidence relating solely to this question. Parks-Cramer Co. v. Mathews Cotton Mills, D.C.W.D.S.C.1940, 36 F. Supp. 236.

The motion of AWR for separate trial on the issue of venue is hereby denied, and the First Defense in the answer of AWR to plaintiff's Complaint as Supplemented is stricken from said answer. Counsel for plaintiff will prepare an appropriate order.